IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-20019 D An |
| LAPEDRO FINLEY, | ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant's motion to suppress. Defendant moves the Court to suppress any and all physical evidence, whether tangible or intangible; any statements or admissions alleged to have been made by Defendant; any and all observations of law enforcement officers; and any other tangible or intangible evidence obtained during or as a direct result of the arrest of Defendant on or about December 21, 2004. Defendant argues that: 1) all evidence obtained as a result of Defendant's stop, detention, and search must be suppressed because officers did not have probable cause; and, 2) statements made by Defendant while he was in custody must be suppressed because of the absence of procedural safeguards and because the statements were tainted by the absence of probable cause. The Court conducted a hearing on March 30, 2005, and heard testimony from a number of witnesses.

I.  **FACTS**

On December 21, 2004, at approximately 9:15 p.m., Officers Harold Tellez ("Tellez"), T. Avery ("Avery"), and Dean T. Fitzgerald ("Fitzgerald") were on routine patrol. The Southeast Precinct had received complaints of gang activity and drug sales in the area of 2393 Pecan Circle.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 4-18-05



Id. Officer Fitzgerald noticed a medium-sized group of black males outside in a yard on Pecan Circle in the freezing rain. Because of the known drug and gang activities in the area, the officers suspected illegal activity. Officer Fitzgerald then contacted officers Tellez and Avery, who were riding together. Id.

Proceeding to the location, Officers Tellez and Avery observed a white 1997 Mercury Marquis occupied by two black males parked on the southbound lane of Pecan Circle. The car was parked approximately 18 inches from the curb, with its lights off and the motor running, partially blocking southbound traffic. It is not a violation of the Tennessee law to park 18 inches from the curb, unless doing so obstructs traffic. While the officers could not be exact about the distance, they testified credibly that the vehicle obstructed traffic. It is a violation of the Tennessee traffic laws to obstruct traffic. The occupants of the vehicle slumped as the officers passed. As the Officers activated their blue lights, the driver, LaPedro Finley ("Finley") and the passenger, Deaderick P. Robinson ("Robinson") exited the vehicle. Officer Tellez asked Finley and Robinson to stop and they complied. Tellez frisked Finley outside his clothing for weapons and asked him for identification. Finley advised that his identification was in the vehicle. Officer Fitzgerald followed Finley to his vehicle and watched as he removed his license from the pocket of a coat in the backseat. Id. at 64. Officer Fitzgerald motioned to Officer Tellez that he smelled marijuana in the vehicle. In fact, Fitzgerald testified that the vehicle wreaked of marijuana. Tellez asked Finley for permission to search his car, and Finley consented. Tellez proceeded towards the vehicle, Finley began running westbound towards Airways. Officer Fitzgerald observed Finley throw a baggy next to the bushes of a yard as he was running. The Officers subsequently retrieved the bag which was determined to contain 9.3 grams of crack cocaine. An additional 297.3 grams of cocaine and 2362.4 grams of

2

marijuana were recovered from the Mercury Marquis, which was registered to Finley.

## II. ANALYSIS

### a. The Stop

All searches and seizures must be based upon probable cause except in narrowly drawn circumstances such as investigatory detentions and Terry stops. United States v. Sharpe, 470 U.S. 675, 689, 105 S.Ct. 1568, 1577, 84 L.Ed.2d 605 (1985). As long as an officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment. United States v. Ferguson, 8 F.3d 385 (6th Cir. 1993). However, once the purposes of the initial traffic stop are completed, an officer cannot further detain a vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention. United States v. Mesa, 62 F.3d 159, 162 (6th Cir. 1995).

Defendant argues that the stop, detention, and search of his car were without probable cause, reasonable suspicion, or consent, and thus violated the Fourth Amendment. Defendant's contention is unsubstantiated by the facts. Officers Tellez and Avery had probable cause to believe that a traffic violation was occurring, given that Defendant parked his vehicle on the southbound lane of Pecan Circle, blocking the passage of traffic.

When Officer Fitzgerald accompanied Defendant to locate his identification, he smelled marijuana from within the vehicle, creating a reasonable suspicion to justify further detention. It was after this that Officers found the 297.3 grams of cocaine and 2362.4 grams of marijuana. Defendant fled the scene, and thereafter, Officers recovered the discarded bag with the 9.3 grams of crack cocaine. Additionally, Defendant consented to the search of his vehicle when asked by Officer

3

Tellez. Therefore, the Court finds that the Officers had probable cause to search Defendant's vehicle and seize the contents within.

      **b.     The Interrogation**

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of a defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 478-479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). The government bears the burden of establishing the admissibility of a confession. United States v. Short, 790 F.2d 464, 468 (6th Cir. 1986). Additionally, a Fourth Amendment violation taints a subsequent confession unless it is shown that the confession was voluntary and that a sufficient break in the events occurred to undermine the inference that the confession was caused by a violation of the Fourth Amendment. United States v. Crowder, 62 F.3d 782, 786 (6th Cir. 1995).

Defendant first contends that any statements made to Officers following his arrest must be suppressed because of the absence of procedural safeguards. Defendant's position is without merit as the Officers advised Defendant of his rights and Defendant executed a written waiver of rights form before any statements were made to Officers on December 29, 2004. Additionally, any statements made from jail telephones at 201 Poplar are also admissible as the telephones have pre-recorded messages stating that all calls are recorded. Therefore, the Court finds that statements made to Officers on December 29, 2004, and any calls made from the jail at 201 Poplar are admissible.

Defendant next asserts that the statements he made while in custody must be suppressed because the statements were tainted by the absence of probable cause for the stop, search, and arrest. The Court has already found that the Officers had the requisite probable cause. Thus, the Court

holds that any statements made to the Officers subsequent to Defendant's arrest are admissible.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Suppress is hereby DENIED.

**IT IS SO ORDERED** this _18_ day of _April_ 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 2:05-CR-20019 was distributed by fax, mail, or direct printing on April 18, 2005 to the parties listed.

---

Randolph W. Alden
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Jennifer Lawrence Webber
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT